IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
SANTA FE DIVISION

| | | |
|---|---|---|
| KENT CARTER, | ) | |
|     PLAINTIFF, | ) | |
|     v. | ) | Civil No. 07-1264 - MV-LAM |
| | ) | |
| UNITED STATES OF AMERICA; | ) | |
| THE INTERNAL REVENUE SERVICE; | ) | |
| THE DEPARTMENT OF TREASURY; | ) | |
| MICHAEL J. PRYOR, | ) | |
| REVENUE OFFICER; | ) | |
| AND | ) | |
| TITLE 26 U.S.C. 6331 ET SEQ.; | ) | |
| | ) | |
|     DEFENDANTS. | ) | |

## DEFENDANTS' MOTION TO DISMISS, AND
## ALTERNATIVE MOTION FOR SUMMARY JUDGEMENT

And
## DEFENDANTS' MOTION FOR LEAVE
## TO FILE SUPPORTING EXHIBITS IN EXCESS OF LOCAL RULE

Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6) and 56 of the Federal Rules of Civil Procedure, the United States of America, on behalf of the Internal Revenue Service and Department of Treasury, along with Revenue Officer Michael J. Pryor in both his official and individual capacities (hereafter the Defendants) move the Court for an order dismissing the Plaintiff's anti-tax rhetoric[1] claims against them, or alternatively, granting them summary judgment.  Defendants also seek leave to file supporting exhibits in excess of the Local Rule limit of 50 pages.  In support hereof, Defendants would respectfully show the following:

---

[1] Plaintiff's conflict with the IRS arose because he has not filed federal income tax returns since at least 1994 and he continually relies on frivolous anti-tax rhetoric to avoid and delay the payment of his taxes.  For example, Plaintiff's identical or similar arguments that: (i) he is not a statutory person (Complaint at 8, 14 at ¶ 41 and 27 at ¶ 102); (ii) compensation received for his labor is not taxable or exempt from levy (Complaint at 14 and 30); and (iii) the words "Form 1040" on Notices of Levy and Notices of Liens instead of the specific statutes means no tax liability has been established (Complaint at 19-20), have previously been rejected by the Tenth Circuit and other courts as a frivolous tax protester arguments.  *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).  It is these baseless anti-tax rhetoric positions that forced the IRS to prepare substitutes for returns for Mr. Carter, and to collect his unpaid liabilities through the use of summonses, levies and tax liens.

# I.

## <u>Venue</u>

The Plaintiff's allegation that venue is proper in the District of Columbia (Complaint at 3), reveals that the Plaintiff's Complaint originated as a template being sold or circulated between other like minded persons attempting to avoid the payment of their taxes.  Like this case filed on December 7, 2007, three strikingly similar cases containing much of the same boilerplate language and alleging venue in the District of Columbia were also filed in December of 2007.  The first one, *J. C. Mckean v. United States, et. al.,* Case No. 07-cv-02202 (Dist. of Columbia), was filed on December 6, 2007, in the District of Columbia, and the other two, *William Fry v. United States*, et. al., Case No. 07-cv-8175  (D. AZ), and *Nicholas Toliver v. United States, et. al.*, Case No. 07-cv-84 (C.D. CAL), were filed in Arizona and California on December 28, 2007.  Excerpts attached as Exhibits A, B and C.

Venue for this case is proper in the District of New Mexico.  28 U.S.C. § 1391(c) provides that where a defendant is an officer or employee of the United States (or a agency thereof) acting in his official capacity, the suit may be brought in an judicial district in which: (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.  In this case, Plaintiff alleged that Defendant Michael J. Pryor resides in Colorado rather than the District of Columbia.  However, venue in New Mexico is proper because the Plaintiff resides in New Mexico, a substantial part of the events took place in New Mexico, and the case involves real property located in New Mexico.

## II.

## Claims Against 26 U.S.C. § 6331

Plaintiff names 26 U.S.C. § 6331 as a defendant.  These claims should be dismissed without further consideration.  A party must have a legal existence as a prerequisite to having the capacity to sue or be sued. *See Brown v. Fifth Judicial District Drug Task Force*, 255 F.3d 475 (8th Cir. 2001).  Two of the similar boilerplate complaints mentioned above also named 26 U.S.C. § 6331. *See, J. C. Mckean v. United States, et. al.,* Case No. 07-cv-02202 (Dist. of Columbia), filed December 2, 2007; *William Fry v. United States*, et. al., Case No. 07-cv-8175  (D. AZ), filed December 28, 2007, (filed in Arizona, but alleging venue in the District of Columbia).  *See* Exhibits A and B.

## III.

## Claims against Revenue Officer Michael J. Pryor

**A**.        **Rule 12(b)(2) and (5) -  Lack of Personal Jurisdiction and Service of Process**

The Court lacks personal jurisdiction over Michael J. Pryor in his personal capacity because the Plaintiff has failed to serve him with a summons and copy of his pleading in the manner allowed by Rule 4 of the Federal Rules of Civil Procedure for service upon individuals. Rule 4(i)(2)(B) provides that service of process upon an officer or employee of the United States sued in their individual capacity must be made in accordance with Rule 4(e) and also by serving the United States in the manner prescribed by Rule 4(i)(1).  Here, the Plaintiff has failed to serve Michael J. Pryor in any manner allowed by Rule 4(e).  When service of process is challenged, the party on whose behalf service is made bears the burden of establishing its validity.  *System Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Familia de Boom v. Arosa Mercantile, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).  Plaintiff's pro se status does not excuse him from failing to obtain a summons or to effect service of process.  *System Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).  Although Plaintiff has filed

a return of service with the Court alleging that he has served Pryor, that return of service reveals that he merely mailed a copy of the summons and his pleading to Pryor's  place of employment and that it was not signed for by Pryor, but rather by someone else.  The Declaration of Revenue Officer Pryor attached as Exhibit D demonstrates that the he has not authorized any other persons to accept service of process on him in his individual capacity and has not been properly served with process.  Service of process is essential to the Court' having personal jurisdiction.  Accordingly, Plaintiff's claims against Revenue Officer Michael J. Pryor in his individual capacity should be dismissed.

### B.     Revenue Officer Pryor is immune from suits against him in his official capacity

It is well settled that federal employees sued in their official capacities are immune from suit.  This is because the suit is deemed to be one against the United States, and the United States is immune from such suit unless sovereign immunity has been waived.  *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989); *Ecclesiastical Order of the Ism of Am v. Chasin*, 845 F.2d 113, 115-116 (6th Cir. 1988); *Williamson v. U.S. Dept. of Agriculture*, 815, F.2d 368, 373 (5th Cir. 1987); *Spalding v. Vilas*, 161 U.S. 483 (1896).

Likewise, *Bivens v. Six Unknown Named Federal Narcotics Agents,* 403 U.S. 388 (1971), likewise does not permit suit against federal agencies or government officers in their official capacities. *FDIC v. Meyer,* 510 U.S. 471, 484-86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).  Instead, a suit against a United States employee in their official capacity is deemed to be a suit against the United States.  *Gilbert v. DaGrossa*, 756 F. 2d 1455, 1458 (9th Cir. 1985); *Hutchinson v. United States*, 677 F. 2d 1325, 1327 (9th Cir. 1982); *Atkinson v. O'Neill*, 867 F. 2d 589, 590 (10 Cir. 1989); *Ecclesiastical Order of the Ism of Am v. Chasin*, 845 F. 2d 113, 115-116 (6th Cir. 1988); *Burgos v. Milton*, 709 F. 2d 1, 2 (1st Cir. 1983).  Therefore, Plaintiff's claims against Revenue Officer Pryor in his official capacity must be dismissed for failure to state a claim and lack of

jurisdiction, and the United States must be treated as the defendant on such claims.  However, as will be discussed below, those claims still fail.

### C.    Michael Pryor, in his Individual Capacity, is Absolutely Immune or Entitled to Qualified Immunity from Plaintiff's *Bivens* Constitutional Tort Claims

#### 1.    No Judicially Created *Bivens* Claim in Tax Collection Cases

To the extent that Plaintiff's pleading alleges a claim against Revenue Officer Pryor in his individual capacity for a violation of his constitutional rights under *Bivens*, the Court also lacks jurisdiction to entertain such a claim.  The courts, including the Tenth Circuit, generally refuse to recognize a *Bivens* cause of action against IRS and other government employees if the allegedly wrongful conduct is within the scope of their duties and is conduct for which Congress has prescribed a statutory remedy.  In this regard, the Tenth Circuit Court of Appeals has held "that in light of the comprehensive administrative scheme' created by Congress to resolve tax disputes, individual agents of the IRS are not subject to *Bivens* actions. *Dahn v. United States*, 127 F. 3d 1249, 1254 (10th Cir. 1997) *citing National Commodity & Barter Ass'n. v. Gibbs*, 886 F. 2d 1240, 1247-48 (10th Cir. 1989); *accord, Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990), *cert. denied*, 498 U.S. 1096 (1991). *See also*, *Adams v. Johnson*, 355 F.3d 1170, 1184-88 (9th Cir. 2004); *Cameron v. IRS*, 773 F. 2d 126, 129 (7th Cir. 1985).  Here, any claims by the Plaintiff that Revenue Officer Pryor's collection activities violated his rights could be addressed by exercising his rights or making a claim under 26 U.S.C. §§ 6230, 6330, 6511, 7422, 7431, 7432 and 7433 as well as 28 U.S.C. § 2410.

There are no factual allegations in the Plaintiff's Complaint to support a claim that his constitutional rights were violated.  Instead, Plaintiff's alleged violations concern various Internal Revenue Code statutes. In this regard, violations of statutes and/or regulations alone cannot be the basis for a constitutional *Bivens* violation. *Bothke v. Fluor Enqineers & Constructors, Inc.*, 834 F.2d 804, 808 (9th Cir. 1987).  Moreover, the assessment and collection activities of the Internal

Revenue Service do not run afoul of the due process clause of the Fifth Amendment, so long as there is adequate opportunity for post-collection review of the Commissioner's actions. *Phillips V. Commissioner*, 283 U.S. 589, 593-600 (1931). Similarly, a seizure by levy does not violate the Fourth Amendment. *G.M. Leasing v. United States*, 429 U.S. 338, 352 (1977).

### 2.        Qualified Immunity

Even if a broad reading of the Plaintiff's Complaint could be construed as the basis for creating a *Bivens* action against Revenue Officer Pryor in his individual capacity, Pryor would still be entitled to qualified immunity.  Government officials who are sued in their individual capacities are entitled to qualified immunity from suit when performing discretionary functions, unless their conduct violates statutory or constitutional rights that were clearly established at the time of the alleged incident, and of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Gibson v. Rich,* 44 F.3d 274, 277 (5th Cir.1995).  Here, Revenue Officer Pryor's conduct towards the Plaintiff was prescribed and allowed by various statutes and regulations.

Plaintiff complains about Notices of Federal Tax Liens filed in the county records by Revenue Officer Pryor.  In order for a valid tax lien to arise, there must be an assessment of the tax and notice and demand for payment.  26 U.S.C. § 6321.  The Certificates of Assessments and Payments attached as Exhibits E through R demonstrate both of these requirements have been met with regard to the Plaintiff's federal income tax liabilities arising out of tax years 1995 through 2001, and the $500 penalty imposed on each of those periods for the frivolous Forms 843 requesting abatements filed by the Plaintiff.

Because the prerequisites for a statutory tax lien against the Plaintiff were satisfied, Revenue Officer Pryor was permitted file a Notice of Federal Tax Lien in the public records in order to perfect and preserve that lien's priority over certain third party creditors of the taxpayer. 26 U.S.C. § 6323.  *See Leithliter v. U.S.*, 1995 WL 776935 (S.D. Ind. 1995).

Likewise, Plaintiff complains that Pryor issued Notices of Levy to collect his unpaid tax liabilities.  However, after the same requirements of an assessment and notice and demand for payment have been satisfied, the Internal Revenue Code also authorizes IRS employees to levy upon all property and rights to property (unless exempt under Section 6334) belonging to the taxpayer.  26 U.S.C. § 6331.  Here, the Plaintiff's argument that he is not a statutory person who is authorized to receive a notice of levy because he is not, "an officer, agency or elected official of the United States or District of Columbia, or any agency or instrumentality thereof," (Complaint at 14 at ¶ 41 and 27 at ¶ 102) is wholly without merit.  This interpretation of Section 6331 has been consistently rejected by the courts.  *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *United States v. Williamson*, 2005 WL 3801811 (D. N.M.); *Duever v. Jackson*, 2005 WL 3150838 (N.D. Ill.).

Relatedly, Plaintiff complains that Revenue Officer Pryor disclosed his social security number by filing these Notices of Federal Tax Liens and serving these Notices of Levy.  However, employees of the Internal Revenue Service are permitted to make such disclosures of a taxpayer's information when attempting to collect an outstanding tax debt.  While 26 U.S.C. § 6103(a) sets forth a general rule that tax returns and return information are to be kept confidential, it also sets forth a number of specific exceptions.  One exception is Section 6103(k)(6), which pertains to actions taken in furtherance of collecting taxes owed.  Specifically, Section 6103(k)(6) authorizes internal revenue employees, in their official duties relating to any collection activity, to disclose:

> return information to the extent necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title.  Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe.

26 U.S.C. § 6103(k)(6).  Treasury Regulation § 301.6103(k)(6)-1T, promulgated by the Secretary of Treasury pursuant to I.R.C. § 6103(k)(6) and in effect at the time any actionable notices would have been filed in this case, enumerates specific circumstances under which disclosure of return

information may be made.[2]  Collection activity is one of the specifically enumerated circumstances

in which disclosure is authorized.  The regulations state:

> [A]n internal revenue employee … [i]n connection with the performance of official duties
> relating to any examination, administrative appeal, collection activity … may disclose
> return information, of any taxpayer, to the extent necessary to obtain information relating to
> such official duties or to accomplish any activity connected with such official duties,
> including, but not limited to – (vi) … to locate assets in which the taxpayer has an interest
> … [and] to apply the provisions of the Code relating to establishment of liens against such
> assets.

Treas. Reg. § 301.6103(k)(6)-1T(a)(1) (2003).

To no surprise, the Tenth Circuit Court of Appeals has already determined that the

disclosure of return information in liens and levies[3] is a part of a collection activity that falls under

the Section 6103(k)(6) exception and is not actionable under 26 U.S.C. § 7431.  *Long v. United*

*States*, 972 F.2d 1174, 1180 (10th Cir. 1993); *Mann v. United States*, 204 F.3d 1012, 1018 (10th

Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information

when made in notices of lien.")).

In the instant case, the disclosures at issue were made during the course of collection

activities; the filing a Notice of Federal Tax Lien and serving Notices of Levy against Plaintiff.  As

such, there is no violation of Section 6103 because the disclosures of return information are

manifestly authorized.

Finally, Plaintiff complains that Revenue Officer Pryor issued summonses to the Plaintiff

and to third parties without having delegated authority to do so.  Pursuant to 26 U.S.C. § 7602(a)(2)

Secretary of the Treasury is authorized to issue summonses and is permitted to delegate that

authority pursuant to 26 U.S.C. §§ 7701(a)(11)(B) and (a)(12)(A). The authority to issue

---

[2] The final I.R.C. 6103(k)(6) regulations were published in the Federal Register July 11, 2006
with an effective date of July 6, 2006.  Disclosures of return information by certain officers and
employees for investigative purposes, 71 Fed. Reg. 38985 (July 11, 2006) (to be codified at  26 C.F.R. pt.
301).

[3] The general IRS practice in filing a Notice of Federal Tax Lien or serving a Notice of Levy is to
include a taxpayer identification number, which is usually a social security number.

summonses has been delegated to the Commissioner of the Internal Revenue Service.  *See* 26

C.F.R. § 301.7602-1. The Commissioner's authority has been redelegated to certain Internal

Revenue Service employees under Delegation Order No. 4. Courts consistently have recognized

that Internal Revenue Service officers, **and specifically Revenue Officer Pryor**, have the

delegated authority to issue administrative summonses.  *See, e.g.*, *United States v. Ford*, _ F. 3d _,

2008 WL 204634, *4 (10th Cir. 2008)("assertion that **[Michael] Pryor** did not have delegated

authority to issue Summons has previously been deemed meritless by this circuit"); *see also Arthur*

*Young & Co.*, 465 U.S. at 814, 104 S. Ct. 1495; *Lonsdale v. United States*, 919 F.2d 1440, 1448

(10th Cir. 1990).

Plaintiff attempts to mislead the Court in this regard by attaching only a portion of the

Delegation Order 4 (Rev. 22) in Exhibit L to his Complaint.  Had he attached an entire copy of

Delegation Order 4 (either Revision 22 or Revision 23), paragraph 8 of that order reveals that

Revenue Officers with a pay status of Grade 9 or higher are authorized to issue summonses to a

taxpayer under their own signature, and authorized to issue summonses to third parties, without the

signature of their supervisor so long as they place a statement on the face of the summons that the

supervisor has approved the summons.  As shown in the Declaration of Revenue Officer attached

as Exhibit D, these steps were satisfied, and Revenue Officer had authority to issue the summonses

in question.

In sum, none of Revenue Officer Pryor's conduct toward the Plaintiff rises to the level of

violation of Plaintiff's rights, much less his constitutional rights.

**D.     Other Claims Against Defendant Pryor**

To the extent that Plaintiff's Complaint could be read to contain any other allegations

against Revenue Officer Pryor, such allegations fail to state a recognized claim or theory for which

this Court would have subject matter jurisdiction and should be dismissed.

## IV.

### Claims against the Internal Revenue Service and Department of Treasury

To the extent that Plaintiff's Complaint alleges claims against the IRS and Department of Treasury, they must be dismissed for failure to state a claim or lack of jurisdiction. Neither the IRS or the Department of Treasury are suable entities, and the United States is the real party in interest. It is well settled that a suit against the IRS is deemed to be an action against the United States. *Posey v. U.S. Dept. of Treasury - IRS*, 156 B.R. 910, 917 (W.D. N.Y. 1993); *Provenza v. Rinaudo*, 586 F. Supp. 1113, 1117 (D. Md. 1984) (*citing Dugan v. Rank*, 372 U.S. 609, 613 [618] (1963) and *Blackmar v. Guerre*, 342 U.S. 512 (1952)). *See also*, *Krouse v. Internal Revenue Service*, 380 F. Supp. 219, 221 (C.D. Cal. 1974); *Clegg v. Dept. of the Treas*., 70 F.R.D. 486, 488 (D. Mass. 1976) ("a suit against a federal agency is a suit against the federal government" *citing* numerous cases). Following this rule, the IRS is absolutely immune from suit. *Provenza*, 586 F. Supp. at 1117.

## V.

### Claims Against the United States

#### A.      Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are presumed to lack jurisdiction absent a showing to the contrary. *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221 (9th Cir. 1989). Jurisdiction may be challenged by the parties or by the Court on its own at any time, and if jurisdiction is found lacking, the court must dismiss the action. Fed. R. Civ. P. l2(h)(3). The jurisdiction determination starts with the complaint, "which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (internal citations omitted). The non-movant bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Cubic Def. Sys., Inc. v. United States*, 45 Fed. Cl. 239, 245 (1999)

(*citing Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993)); *Reynolds*, 846

F.2d at 748; *Maniere v. United States*, 31 Fed. Cl. 410, 413 (1994).

**B.    Sovereign Immunity**

Subject matter jurisdiction is not the end of the inquiry. The United States must also

consent to be sued by waiving its sovereign immunity. *Powelson v. United States*, 150 F.3d 1103

(9th Cir. 1998). "Thus, while sovereign immunity can bar jurisdiction, a statute that purports to

create jurisdiction alone does not necessarily eliminate sovereign immunity." *Id.* at 1104. The

United States, as a sovereign entity, may be sued only to the extent that it has consented to suit by

statute. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Overton v. United States*, 925 F.2d

1282, 1284 (10th Cir. 1991). A waiver of sovereign immunity cannot be implied, but must be

"unequivocally expressed, and such waiver must be "construed strictly in favor of the sovereign."

*United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *Library of Congress v. Shaw*, 478

U.S. 310, 318 (1986). Where the United States has not consented to suit, dismissal for lack of

subject matter jurisdiction is proper. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-59 (9th Cir. 1985);

*Stout v. United States*, 229 F.2d 918, 919 (2nd Cir. 1956), *cert. denied*, 351 U.S. 982 (1956). A

party who brings an action against the United States bears the burden of establishing that the

sovereign immunity of the United States has been waived. *Holloman v. Watt*, 708 F.2d 1399, 1401

(9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984).

In this regard, it is important to note that Plaintiff does not allege that he has met the

prerequisites to give the Court jurisdiction to consider his demand for refund of the moneys

collected by the IRS.  He does not allege that he has fully paid the taxes owed as required by *Flora

v. United States*, 362 U.S. 145 (1960), and he does not allege that he filed an administrative claim

for refund under 26 U.S.C. § 6511.  The Forms 843 attached to Plaintiff's Complaint as Exhibit E

merely request an abatement because Ford has never paid any of those amounts.  Therefore, the

Court lacks jurisdiction to consider any refund claims under Section 7422 and 28 U.S.C. § 1346.

Moreover, 28 U.S.C. §§ 1331, 1332 and 1340 are grants of general jurisdiction and cannot by themselves constitute a waiver of sovereign immunity. *See e.g., Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992); *Carelli v. Internal Revenue Service*, 668 F.2d 902, 904 (6th Cir.1982).  Likewise, 28 U.S.C. § 1367 only deals with a federal courts' power to exercise subject matter jurisdiction over certain claims and does not operate as a waiver of sovereign immunity. *Palmer v. Commissioner*, 90 A.F.T.R.2d 2002-6478 (D.C. S.D. Ind.). Therefore, unless another code section provides for waiver of sovereign immunity, the Court will not have jurisdiction over any claims asserted under 28 U.S.C. §§ 1331, 1332, 1340 and 1367.

In addition, under 28 U.S.C. § 2201 (the Declaratory Judgment Act) declaratory judgments are prohibited in cases involving federal tax liabilities except as provided for in 26 U.S.C. § 7428 (pertaining to classifications under 26 U.S.C. § 501(c)(3)).  Section 7428 is not applicable in this case. Therefore, the Court lacks jurisdiction to grant any declaratory relief sought by the Plaintiff. Moreover, even in situations were sovereign immunity has been waived, 26 U.S.C. § 7421 (or "Anti-Injunction Act") prohibits any suit to restrain the collection of taxes unless one of the statutory exceptions, or the judicially created exception under *Enochs v. Williams Packing and Navigation Co., Inc.*, 370 U.S. 1 (1962) is met.  The judicial exception requires taxpayers to show, in addition to the normal elements necessary for injunctive relief, that under no circumstances can the government prevail.  As show throughout this motion the government can and should prevail.

Finally, Plaintiff asserts that the court has jurisdiction under the Administrative Procedures Act, 5 U.S.C. §§ 701-706.  However, the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the Anti-Injunction Act, 26 U.S.C. §7421, prevents the Court from having jurisdiction over federal tax issues. *See, e.g.*, Lutz v. United States, 919 F.2d 738 (6th Cir. 1990)(unpublished).

**C.      Counts I and II.  Quiet Title under 28 U.S.C. § 2410**

Plaintiff complains that the United States' tax liens against his real and personal property should be removed under 28 U.S.C. § 2410.  Section 2410 does not waive sovereign immunity for claims that the taxpayer does not owe the taxes in question. *See, e.g., Guthrie v. Sawyer*, 970 F.2d 733, 736-737 (10th Cir. 1992); *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992); *Wos v. Internal Revenue Service*, 2007 WL 4246874 (N.D. Ill.).  Moreover, the Plaintiff's claim that a Notice of Deficiency was not issued under Sections 6212 and 6213 or was not received is a challenge to the amount of the assessment, and a taxpayer is not entitled to raise that alleged defect in a quiet title action. *Guthrie v. Sawyer*, 970 F.2d 733, 736-737 (10th Cir. 1992).

Only equitable relief affecting title is available under 28 U.S.C. § 2410 and, therefore, sovereign immunity is not waived for claims seeking monetary damages. *See e.g., Kulawy v. United States*, 917 F.2d 729, 736 (2nd Cir. 1990); *Murray v. United States*, 686 F.2d 1320, 1326-27 (8th Cir.1982), *cert. denied*, 459 U.S. 1147 (1983); *Ringer v. Basile*, 645 F. Supp. 1517, 1526 (D.C. Colo. 1986).

However, the United States' sovereign immunity is waived under 28 U.S.C. § 2410 to the extent that taxpayers challenge procedural irregularities in the establishment of a lien (i.e., failure to assess or to send notice of the assessment and demand for payment). *Guthrie v. United States*, 970 F.2d 733, 735 (10th Cir. 1992).  Unless the taxpayer presents evidence to the contrary, courts may rely on Certificates of Assessments and Payments (Forms 4340) to conclude that valid assessments were made and proper notices of balance due and demand for payment were given. *Id.* at 737-738.  Here, Government Exhibits E through R establish that assessments were made, and notice and demand for payment of the balance due for each period was given.  Thus, creating a tax lien under 26 U.S.C. § 6321 that is valid against the Plaintiff's real and personal property. Accordingly, the United States is entitled to summary judgment that the Plaintiff is not entitled to relief from those liens under 28 U.S.C. § 2410.

**D.      Count III.  Alleged Failure to Comply with 26 U.S.C. §§ 6212 and 6213(a).**

Plaintiff complains that the Internal Revenue Service did not issue him a notice of deficiency under Section 6212 and 6213 of the proposed amounts due before assessing the liabilities against him for each of the tax periods in question.  The Plaintiff's sole support for this allegation is that transcripts of account he obtained from the IRS under a Freedom of Information Act Request do not contain a code 494.  In *Curry v. Commissioner*, T.C. Memo 1996-102, 1996 WL 96033 (US Tax Ct.), similar reliance on the absence of a TC 494 code was rejected where the taxpayer received the notice.  Here, Plaintiff does not allege that he did not receive statutory notices of deficiency on his federal income taxes for each year in question. Nor does he allege that the Internal Revenue Service did not send them to a last known address.[4]  Moreover, the $500 penalty assessed under Section 6702 for each frivolous Form 843 filed in each of those years required no notice of deficiency under Section 6212 and 6213.  See 26 U.S.C. § 6703(b). Accordingly, Plaintiff has failed to state a claim under Count III.

**E.  Count IV - Alleged Failure to Comply With 26 U.S.C. § 7432.**

Plaintiff complains that the United States failed to release its liens against him and seeks damages under Section 7432.  Plaintiff does not allege that the taxes were paid, or that he offered to post a bond as required by Section 6325.  Therefore, sovereign immunity has not been waived under I.R.C. § 7432. *See Henderson v. United States*, 95 F. Supp.2d 995,1000-1001 (D.C. E.D. WI 2000).  Furthermore, despite the Plaintiff's arguments to the contrary, the liens were not

---

[4] A notice of deficiency is valid even if it is not received by the taxpayer as long as it is sent to the last known address. *Armstrong v. Commissioner*, 15 F.3d 970 (10th Cir. 1994). The "last known address" is "that address to which the IRS reasonably believes the taxpayer wishes the notices sent." *Cyclone Drilling v. Kelley*, 769 F.2d 662, 664 (10th Cir. 1985). The Internal Revenue Service is entitled to rely on the address shown on the taxpayer's return for the year at issue or, in its absence, the previous return, unless the taxpayer can prove that he provided clear and concise notice to the Internal Revenue Service that he wanted a new address to replace all old addresses. *Armstrong*, 15 F.3d at 974. It is the taxpayer's responsibility to inform the Internal Revenue Service of any address changes and the taxpayer bears the burden of proving that the Internal Revenue Service failed to exercise reasonable diligence in ascertaining the last known address. *Id.*

unenforceable.  As shown above, the necessary assessments and demands for payment were made for each period  - thereby creating a tax lien under Section 6321 and allowing a notice of that lien to be filed in the public records under Section 6323.

Nor has Plaintiff filed an administrative claim in compliance with Treasury Regulation § 301.7432-1(f). *See Henderson v. United States*, 95 F. Supp.2d 995,1000-1001; *Ennis v. Pointer*, 2003 WL 22064037 (N.D. Cal.). Based on the foregoing, this claim should be dismissed for lack of jurisdiction.

Finally, it is important to note that there were two Notices of Federal Tax Lien filed against the Plaintiff.  One for $544,450 of income taxes arising out of 1995 through 2001was filed on August 18, 2005, (Plaintiff's Exhibit B) - which is more than 2 years before Plaintiff filed his Complaint in December of 2007.  Therefore, any claim under Section 7432 on this lien is barred by the two year statute of limitations.  26 U.S.C. § 7432(d)(3).[5]  The other Notice of Lien was filed on or about March 6, 2007, for a total of $3,500 in Section 6702 penalties.   *See* Plaintiff's Exhibit F.

**F.      Count V - Alleged Unauthorized Disclosure of Plaintiff's Return Information**.

Plaintiff complains that the IRS disclosed his tax information when they filed Notices of Federal Tax Liens and served Notices of Levy on third persons to collect his taxes.  These claims for violation of Section 6103 may be brought only against the United States under Section 7431, or in the case of disclosures made during collection, under Section 7433.[6]  However, as shown above, the disclosure of his tax return information on Notices of Federal Tax Liens and Notices of Levy was authorized under Section 6103(k)(6) and Treas. Reg. § 301.6103(k)(6)-1T(a)(1) (2003).  The

_____

[5]  Similarly, these penalties were not made as "jeopardy assessments" under Section 6851, 6852, 6861 or 6862, and, therefore, Plaintiff is not entitled to judicial review of them under 26 U.S.C. §7429.

[6]  Courts have determined that the filing of a Notice of Federal Tax Lien, or serving a Notice of Levy, is a collection activity and I.R.C. § 7433 is the exclusive remedy for unauthorized collection actions, including unauthorized disclosures made in the course of collection activities. *Schipper v. United States*, 1995 U.S. Dist. LEXIS 14426 (E.D.N.Y. 1995); *Shwarz v. United States*, 234 F.3d 428, 433 (9th Cir. 2000) (I.R.C. § 7433's exclusivity provision bars suit for unauthorized disclosures of return information under I.R.C. § 7431 when alleged disclosure occurs in connection with tax collection activities); *Koerner, et al., v. United States*, 471 F.Supp.2d 125, 127 (D.D.C. 2007).

types of disclosures alleged in this case (e.g., recording of Notice of Federal Tax Lien, issuance of Notices of Levy) have repeatedly been held to be allowed under the Internal Revenue Code.  *See e.g., Mann v. United States*, 204 F.3d 1012, 1018 (10th Cir. 2000); *Long v. United States*, 972 F.2d 1174, 1180 (10th Cir. 1993).

**E.      Count VII - Alleged Failure to Impose a Tax Under the Internal Revenue Laws.**

Plaintiff complains that the IRS did not establish any tax liability against him, because the Notices of Federal Tax Lien, Notices of Levy, and other documents refer only to "FORM 1040" when describing the type of tax liability.  Plaintiffs' arguments in this regard are meritless and have been rejected.  *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *United States v. Williamson*, 2005 WL 3801811 (D. N.M.); *Duever v. Jackson*, 2005 WL 3150838 (N.D. Ill.).

**F.      Count VII - Alleged Violations of APA and the Bill of Attainder Clause at Article I,  Section 9, Clause 3 and Article I Section 10, Clause 1**

Plaintiff complains that the United States has violated the Administrative Procedures Act, and the Bill of Attainder Clause because "he believes" that the Internal Revenue Service has designated him as an "Illegal Tax Protestor" in violation of the IRS Restructuring and Reform Act of 1998 (effective July 22, 1998) (RRA 98).  In support of this argument, the Plaintiff relies on Transaction Code 148 found at the beginning of IMF Complete transcripts he received under a Freedom of Information Request and a January 1, 1998 version of the Internal Revenue Manual with an outdated explanation of the transaction codes used by the Internal Revenue Service.  See Plaintiff's Exhibit G.  On Plaintiff's Exhibit G, the Transaction Code 148 appears twice, and the numbers immediately to the right of it indicate the calendar year and weekly computer cycle code where that code was placed on the Plaintiff's master file.  Cycle code 199748 (the 48th weekly cycle in 1997) and 199818 (the 18th weekly cycle in 1998 – May 3, 1998 to May 9, 1998) both occurred before the July 22, 1998, effective date of RRA 98.  See Exhibit S.   Therefore, at the time this code was put on the Plaintiff's master file, designating him as an Illegal Tax Protestor was not

prohibited.  After the enactment of RRA 98, the Internal Revenue Service changed its explanation

of Transaction Code 148  to drop the Illegal Tax Protestor designation.  Also attached as part of

Exhibit S is a copy of a page from the Internal Revenue Service's 2000 ADP and IDRS

Information guide, showing the absence of an reference to Illegal Tax Protestor.  Therefore, any

previous designation of the Plaintiff has an Illegal Tax Protestor was been eliminated.

   G.     **Count VIII - Alleged Failed to Comply with U.S.C. § 6751(b)**

   Plaintiff asserts that the Internal Revenue Service failed to comply with 26 U.S.C. §

6751(b) because approval from the Secretary was not received in writing prior to the imposition of

the penalties under Section 6702.  However, Section 6751(b) clearly does not require approval

from the Secretary before penalties are imposed - only the immediate supervisor of the person

making the determination need be obtained.  Plaintiff does not allege that an immediate

supervisor's approval was not obtained.  Moreover, even if the Internal Revenue Service had failed

to comply with Section 6751(b), the Court would not have jurisdiction to enter declaratory relief on

these penalties.  Section 6703 states that deficiency procedures do not apply to the assessment and

collection of penalties under Section 6702. Therefore, a taxpayer must pay the tax or penalty in full

before seeking a determination that it is not owed through a refund in district court.  *Flora v.*

*United States*, 357 U.S. 63 (1958). As show in the attached Certificates of Assessments and

Payments (Forms 4340), Exhibits L through R, Plaintiff has not paid these penalties prior to

initiating this suit.

   H.     **Count IX - Summonses Issued with Manager's Signature**

   Plaintiff complains that the United States, through Revenue Officer Mike Pryor, caused

administrative summonses to issue without a signature of an approving officer.  However, as show

above, Plaintiff has attached an incomplete copy of Delegation Order 4, and the complete version

(whether Revision 22 or 23) allowed Revenue Officer Pryor to issue the summonses to the Plaintiff

under his own signature.  That Delegation Order also allowed Pryor to issue summonses to third

parties without a supervisor's signature - provided that the summonses contained a statement indicating the date and name of the supervisor who approved them.  The summonses complied with this requirement.  *See* Declaration of Pryor, attached as Exhibit D.

     **I.**     **Count X - Alleged Misapplication of Section 6331**

     Plaintiff complains that the United States has refused to release the levies issued to collect his tax liabilities and cites 26 U.S.C. § 6343.  Section 6343 prescribes the circumstances under which the Internal Revenue Service may release a levy on personal property, however, it does not waive sovereign immunity or provide a cause of action against the United States. *Brown v. District Director*, 2002 WL 1760847 (D. Colo. 2002); *Bach v. Mason*, 190 F.R.D. 567, 572 (D. Idaho 1999); *Grant v. United States*, 289 F.Supp.2d 1361, 1368 (S.D. Fla. 2003). Therefore, any claim asserted under Section 6343 should be dismissed for lack of jurisdiction.

     Plaintiff also complains that the United States has misapplied Section 6331 and issued notices of levy to collect his taxes, because he is not, "an officer, agency or elected official of the United States or District of Columbia, or any agency or instrumentality thereof," (Complaint at 14 at ¶ 41 and 27 at ¶ 102).  This interpretation of Section 6331 has been consistently rejected by the courts.  *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *United States v. Williamson*, 2005 WL 3801811 (D. N.M.); *Duever v. Jackson*, 2005 WL 3150838 (N.D. Ill.).

**VI**.

**Prayer**

For the reasons discussed above, Defendants pray that the Plaintiff's Complaint be

dismissed or summary judgment be granted in Defendants' favor.

>LARRY GOMEZ
>United States Attorney
>Electronically filed,
>
> /s/ Andrew Sobotka
>Andrew L. Sobotka
>Attorney, Tax Division
>State Bar No. 18819900
>Department of Justice
>717 N. Harwood, Suite 400
>Dallas, Texas 75201
>(214) 880-9736
>(214) 880-9741 (Fax)

CERTIFICATE OF CONFERENCE

IT IS HEREBY CERTIFIED that I was unable to obtain the position of Plaintiff, Kent

Carter, regarding whether the foregoing motion would be opposed.  Plaintiff's Complaint contained

no telephone, fax or E-mail contact information.  Additionally, after researching the Pacer records,

I located a telephone number for Mr. Carter and called that number attempting to obtain his

position on this motion.  My call was not answered.  Accordingly, the foregoing motion is being

filed as though it were opposed.

/s/ Andrew Sobotka
Andrew L. Sobotka

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on February 25, 2008, I filed the foregoing pleading

electronically through the CM/ECF system, and that I mailed a true and correct copy of the

foregoing pleading to the following pro se party:

Kent Carter
c/o P.O. Box 5033
Carlsbad, NM 882201

/s/ Andrew Sobotka
Andrew L. Sobotka